Bruce M. Friedman (BF 9074)
RUBIN, FIORELLA & FRIEDMAN LLP
292 Madison Avenue, 11th Floor
New York, New York 10017
(212) 953-2381
Attorneys for Plaintiff Swiss Reinsurance America Corporation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------

SWISS REINSURANCE AMERICA )
CORPORATION, AS SUCCESSOR )
IN INTEREST TO FIRST EXCESS AND )
REINSURANCE CORPORATION, )
                         )
         Plaintiff,      )
                         )
    v.                   )
                         )
CERTAIN UNDERWRITERS AT  )
LLOYDS, LONDON, DOING BUSINESS )
AS SYNDICATE 53,         )
                         )
         Defendant.      )
-----------------------------------------------------------

JUDGE KARAS

07 CV 3174

Civ.

COMPLAINT

RECEIVED
APR 20 2007
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, Swiss Reinsurance America Corporation as successor in interest to First Excess and Reinsurance Corporation ("Swiss Re"), by its attorneys, Rubin, Fiorella & Friedman LLP, alleges:

### Nature of the Action

1.   This is a collection action. Plaintiff Swiss Re seeks to collect money owed by Defendant Certain Underwriters at Lloyd's, London, doing business as Syndicate 53 ("Syndicate 53") that participate in the contracts of reinsurance with Swiss Re described below (the "Treaties").

2.   Syndicate 53 agreed to reinsure First Excess and Reinsurance Corporation, a predecessor in interest of Swiss Re with respect to certain underlying contracts of reinsurance (the

"Underlying Treaties") between First Excess and Reinsurance Corporation and Legion Insurance Co. and affiliated companies ("Legion").

3.   Pursuant to the Treaties, Syndicate 53 is obligated to indemnify Swiss Re for payments made by Swiss Re pursuant to the Underlying Treaties.

4.   Swiss Re has made loss and expense payments pursuant to the Underlying Treaties and has duly sought indemnification from Syndicate 53 pursuant to the terms of the Treaties.

5.   Syndicate 53 has wrongfully refused to pay money that is due and owing to Swiss Re under the Treaties. Accordingly, Swiss Re brings this action to recover money and obtain other relief to which it is entitled as a result of the breaches of contract and other violations by Syndicate 53.

## The Parties

6.   Swiss Re is an insurance and reinsurance company, domiciled and organized under and by virtue of the laws of the State of New York, with its principal place of business located in Armonk, New York.

7.   Swiss Re is the successor in interest to GE Reinsurance Corporation which was the successor by merger to First Excess and Reinsurance Corporation.

8.   Syndicate 53 are underwriters that underwrote insurance and reinsurance at Lloyd's, London, whose principal place of business is in London, England. Syndicate 53 ceased underwriting at the end of 2000 and has been in run-off.

## Jurisdiction and Venue

9. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a)(2) because Swiss Re is incorporated in New York and maintains its principal place of business in New York, Syndicate 53 is an alien entity and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. This Court has personal jurisdiction over Syndicate 53 because Syndicate 53 has transacted and continues to transact substantial business in New York and because Syndicate 53 has consented to submit to the jurisdiction of a Court of competent jurisdiction within the United States in the event of its failure to pay amounts claimed to be due under the Treaties.

11. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (a) and (d) since Swiss Re has its principal place of business in New York and Syndicate 53 is an alien entity subject to personal jurisdiction in New York.

## Background

12. Reinsurance involves the transfer by an insurer to a reinsurer of some portion or all of a risk that the insurer has assumed under one or more insurance policies. The original insurer is said to "cede" risk and premium to the reinsurer and is known as the "cedent" or "ceding insurer." The reinsurer accepts risk and receives a premium in accordance with the terms of the reinsurance contract and agrees to indemnify the cedent for a specified portion of the losses that may arise under the ceded policy.

13. A retrocession is a form of reinsurance in which a reinsurer cedes to another reinsurer, or "retrocessionaire," all or part of the reinsurance that it has previously assumed. Reinsurance and

3

retrocessions enable the insurance industry to spread the risk of loss, and actual losses, among multiple insurance and reinsurance companies.

## The Underlying Treaties and Cessions to Swiss Re

14. The Underlying Treaties between Swiss Re and Legion incepted October 1, 1998. The Underlying Treaties provided for the cession of portions of various risks from Legion to Swiss Re.

15. Legion ceded portions of various risks to Swiss Re pursuant to the Underlying Treaties.

16. Legion became insolvent and is now in Liquidation.

17. Legion and/or the Liquidator of Legion submitted claims for reinsurance reimbursement to Swiss Re. Those reinsurance claims arose from risks that Legion had ceded to Swiss Re under the Underlying Treaties.

## The Treaties

18. Syndicate 53 entered into the Treaties with First Excess and Reinsurance Corporation as underwritten by CORE Managers Incorporated as Reinsurer for Legion Insurance Company, Philadelphia, Pennsylvania and/or all other companies in the Mutual Risk Management Ltd. Group.

19. Pursuant to the Treaties, Syndicate 53 agreed to reinsure Swiss Re in exchange for the payment of premiums.

20. The Treaties apply to all claims covered by the Underlying Treaties.

21.   The Treaties require Syndicate 53 to indemnify Swiss Re for loss and loss adjustment expenses paid by Swiss Re arising from the Underlying Treaties.

### The Retrocessional Claims

22.   Syndicate 53 accepted premium payments from Swiss Re in exchange for its agreement to reinsure Swiss Re in accordance with the terms of the Treaties.

23.   Swiss Re paid reinsurance claims submitted by Legion and/or the Liquidator of Legion that were within the scope of the coverage provided by the Underlying Treaties.

24.   Swiss Re's payments to Legion and/or the Liquidator of Legion were reasonable, not fraudulent, not collusive and were made in good faith.

25.   Swiss Re has submitted reinsurance billings to Syndicate 53 in amounts no less than $2,141,965.01 for Syndicate 53's share of loss and expenses as at March 31, 2007.

26.   Syndicate 53 has failed and refused to fulfill its obligation under the Treaties to pay the billed amounts, which are due and owing under the terms of the Treaties.

### FIRST CLAIM FOR RELIEF
(Breach of Contract)

27.   Swiss Re repeats and realleges each and every allegation hereinabove set forth at paragraphs "1" through "26" as though fully set forth herein.

28.   The Treaties require Syndicate 53 to indemnify Swiss Re for Swiss Re's payments of loss and loss adjustment expenses arising from the Underlying Treaties.

29.   Swiss Re has fully complied with all obligations to Syndicate 53 under the Treaties.

30. Swiss Re has paid losses and expenses arising from and in connection with the Underlying Treaties.

31. Swiss Re has provided proofs of loss to Syndicate 53 reflecting the payment of such losses and expenses.

32. In violation of the Treaties, Syndicate 53 has failed to indemnify Swiss Re for loss and loss adjustment expenses in an amount not less than $2,141,965.01.

33. Swiss Re has sustained financial damage by reason of Syndicate 53's breach of its contractual commitments.

34. By reason of the foregoing, Syndicate 53 is obligated to pay Swiss Re not less than $2,141,965.01, plus interest accrued from the dates of billing to the date of Entry of Judgment.

## SECOND CLAIM FOR RELIEF
(Declaratory Judgment)

35. Swiss Re repeats and realleges each and every allegation hereinabove set forth at paragraphs "1" through "26" as though fully set forth herein.

36. The Treaties are binding and enforceable contracts.

37. Swiss Re has fully performed all obligations due Syndicate 53 under the terms of the Treaties.

38.  There is an actual controversy as to the respective rights and liabilities of the parties under the Treaties.

39.  Swiss Re is entitled to a declaration, in accordance with 28 U.S.C. § 2201, that the Treaties are in full force and effect and that Syndicate 53 is obligated to make timely payments to Swiss Re in such amounts as have already become due and/or may become due in the future under the Treaties by reason of Swiss Re's future payments of loss and expense in respect of claims arguably covered by the Underlying Treaties.

**WHEREFORE**, Plaintiff Swiss Reinsurance America Corporation respectfully requests that Judgment be entered against Defendant Syndicate 53 for the following relief:

i)  damages in an amount not less than $2,141,965.01, plus pre- and post-judgment interest;

ii) a declaration that the Treaties are binding and enforceable, and that Syndicate 53 is required pursuant thereunder to make timely payments to Swiss Re in such amounts as have already become due and/or may become due in the future under the Treaties;

iii) an award of Swiss Re's costs and expenses, including reasonable attorneys' fees, incurred in connection with the prosecution of this action; and

iv) an award of such other and further relief as this Court may deem just and proper.

Dated: New York, New York
April 19, 2007

                                               RUBIN, FIORELLA & FRIEDMAN LLP

By: _/s/ Bruce Friedman_____
        Bruce M. Friedman (BF 9074)

Attorneys for Plaintiff Swiss Reinsurance America Corporation

292 Madison Avenue, 11th Floor
New York, New York 10017
Tel: (212) 953-2381
Fax: (212) 953-2462

489-5064\Complaint