**CHADBOURNE
& PARKE LLP**

Phoebe A. Wilkinson
direct tel (212) 408-1157
pwilkinson@chadbourne.com

30 Rockefeller Plaza, New York, NY 10112
tel (212) 408-5100  fax (212) 541-5369

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/2/07

June 19, 2007

BY HAND

**MEMO ENDORSED**

The Honorable Kenneth M. Karas
United States District Court Judge
United States District Court,
    Southern District of New York
500 Pearl Street, Room 920
New York, New York 10007

> Re: Swiss Reinsurance America Corporation, As Successor In Interest to First
> Excess And Reinsurance Corporation v. Certain Underwriters at Lloyds
> London, Doing Business as Syndicate 53, 07 Civ. 3174

Dear Judge Karas:

We represent Certain Underwriters at Lloyd's London, doing business as Syndicate 53 ("Syndicate 53"), defendant in the above-referenced litigation.

While we would be pleased to have this case remain before Your Honor, we respectfully request a pre-motion conference to address whether the plaintiff has properly satisfied its burden to establish subject matter jurisdiction in this case. As controlling caselaw provides that a defect in subject matter jurisdiction cannot be waived, we request that the Court hear the issue prior to the Court and the parties expending time and resources litigating the underlying merits of the plaintiff's lawsuit.

Background

This case involves alleged contracts (or "treaties") of retrocession[1] between plaintiff Swiss Reinsurance America Corporation, successor in interest to First Excess and Reinsurance Corporation, and defendant Syndicate 53. Under the treaties, plaintiff retroceded

---

[1] "Retrocession is the reinsuring of reinsurance. Retrocession is a separate contract and document from the original reinsurance agreement between a primary insurance company (as the reinsured) and the original reinsurer. A retrocession is placed to afford additional capacity to the original reinsurer or to contain or reduce the original reinsurer's risk of loss …" "Glossary of Reinsurance Terms" in Reinsurance Contract Wording 784-85 (Strain 3d ed. 1998)

CHADBOURNE
& PARKE LLP

The Honorable Kenneth M. Karas     -2-     June 19, 2007

to defendant a portion of the liabilities it had to Legion Insurance Company (currently in liquidation) for the period October 1, 1998 to October 1, 1999 for various underlying workers compensation "carve out" insurance programs. In the complaint, plaintiff contends that certain amounts are owed by Syndicate 53 under the treaties. Plaintiff further contends that the Syndicate has "failed and refused" to pay these amounts, and seeks damages against the Syndicate for breach of contract. The plaintiff additionally seeks declaratory relief against the Syndicate regarding the validity and application of the treaties.

The Plaintiff is incorporated in New York and maintains its headquarters here. Syndicate 53 is an unincorporated association which has approximately 388 members, eight of whom, according to the Syndicate's records, reside in the United States. Of these, one was a New York resident who is now deceased. We understand a trust has been established, and is being administered, in New York County for payment of that deceased member's Syndicate liabilities.

Plaintiff's Allegations Concerning Subject Matter Jurisdiction

Plaintiff claims diversity of citizenship jurisdiction exists in this case, characterizing Syndicate 53 as "an alien entity" and further asserting that the amount in controversy in the lawsuit exceeds $75,000. (Compl. ¶ 9.) Defendant, however, does not believe that controlling caselaw supports plaintiff's allegations. See E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co., 160 F.3d 925 (2d Cir. 1998) (hereinafter "Squibb").

Amount In Controversy

According to Squibb, in an action against a Lloyd's Syndicate the liability share of *each* Syndicate member (or "Name") must be considered in order to determine whether the required jurisdictional amount has been met. Squibb, 160 F.3d at 934. "[E]xcept as possibly modified by . . . 28 U.S.C. § 1332(a)(3) . . . each and every Name [has] to satisfy the jurisdictional amount." Id. at 933. In Squibb, the parties contended that 28 U.S.C. § 1332(a)(3) exempts foreign nationals from the jurisdictional minimum requirement. Id. at 934. The court expressed doubt as to the validity of this contention but declined to rule directly on this point. Id. The court made clear, however, that the jurisdictional minimum "manifestly applies" to any U.S. members (defendants). Id. at 934. Thus, the claim against each of the U.S. Names (if not all the Names) in this case would have to meet the $75,000 jurisdictional threshold (claims against individual defendants/Names cannot be aggregated to meet the jurisdictional requirement. Id. at 934.).

Based upon the amount of the damages claimed in the plaintiff's complaint, and according to the Syndicate's records, none of the U.S. Names (and, in fact, almost none of the non-U.S. Names) meets the $75,000 minimum threshold. Indeed, plaintiff itself has failed to so plead.

**CHADBOURNE**
**& PARKE** LLP

The Honorable Kenneth M. Karas -3- June 19, 2007

Citizenship

    Squibb further provides that the citizenship of *each* Syndicate member must be considered when determining whether complete diversity of citizenship exists between the parties. Id. at 931-32, 939. As set forth above, the plaintiff is a New York resident and there are eight U.S. Syndicate members, one of whom is a deceased New Yorker. Yet, plaintiff's complaint is silent on the citizenship of the U.S. Syndicate members. Assuming there is a New York resident Name in Syndicate 53, the plaintiff has failed to establish complete diversity. Id. at 931; see also Navarro Sav. Ass. v. Lee, 446 U.S. 458, 465-66 (1980) (the citizenship of trustees is determinative for jurisdictional purposes).[2]

Conclusion

    We believe plaintiff's jurisdictional allegations in the Complaint do not establish subject matter jurisdiction. We have advised plaintiff's counsel of the Squibb holdings and of our concern about whether it has established (and whether it can establish) diversity of citizenship jurisdiction in this case. Plaintiff has responded that it intends to proceed with this lawsuit before this Court.

    Rather than expend the Court's and the parties' time and resources litigating the merits of the case if jurisdiction does not exist, however, we would like to resolve the jurisdiction issue. Pursuant to the procedures set forth in your Honor's Individual Practices we request a pre-motion conference to discuss Syndicate 53 moving for dismissal under FRCP 12(b)(1).

Respectfully submitted,

*/s/ Phoebe Wilkinson*

Phoebe A. Wilkinson

cc: Bruce M. Friedman, Esq.,        (VIA FACSIMILE)
    Counsel for Plaintiff

---

[2] As noted above, we understand that a trust for the deceased New York member's Syndicate 53 liabilities has been established in New York. In light of Squibb and Navarro, we are investigating the citizenship of the trustee.

*The Court will hold a pre-motion conference on June 28th at 4pm.*

SO ORDERED

*/s/* KENNETH M. KARAS U.S.D.J.
6/26/07